## CIRCUIT COURT OF LOUDOUN COUNTY

Vincent P. Frank

　　v.

Russell W. Leach

May 24, 1991

Case No. (Law) 11172

By JUDGE JAMES H. CHAMBLIN

This case was tried without a jury on May 1, 1991. At the conclusion of the evidence and after the argument of counsel, I ruled from the bench in favor of the defendant on the plaintiff's claim because whatever might have been the nature of the defendant's work the plaintiff accepted it and paid the defendant for it. I further ruled that Mr. Leach would be entitled to recover on his Counterclaim unless he was precluded from recovering under § 54.1-1100 *et seq.* of the Code of Virginia (Regulation of Contractors). This issue was taken under advisement.

For the reasons hereinafter set forth, Mr. Leach is awarded judgment on his Counterclaim in the amount of $923.60 against Mr. Frank.

The relevant statutory provisions, as they existed when the Warrant in Debt was filed in November, 1989, are as follows:

1. The statutory definitions of "Class B contractors" and "Contractors" contained in § 54.1-1100, as follows:

> "Class B contractors" perform construction, removal, repair or improvements when (i) the total value referred to in a single contract or project is less than $40,000.00 and when the work performed in such contract is $1,500.00

or more, or (ii) when the work is for the purpose of constructing a water well to reach groundwater as defined in § 62.1-44.85(8) regardless of contract or project amount.

"Contractor" means any person, firm, association or corporation that for a fixed price, commission, fee or percentage undertakes to bid upon, or accepts, or offers to accept, orders or contracts for performing or superintending, in whole or in part, the construction, removal, repair or improvement of any building or structure permanently annexed to real property owned, controlled or leased by another person or any other improvements to such real property.

2. The provisions of § 54.1-1115(c) as follows:

No person shall be entitled to assert the lack of licensure or registration as required by this chapter as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of the licensure and registration requirements of this chapter.

I feel that Mr. Leach had actual knowledge of the licensure and registration requirements when he had performed the carpentry work on the plaintiff's barn. Therefore, the plaintiff would have a defense under Section 54.1-1115(c) if Mr. Leach were a "Class B contractor" as defined in § 54.1-1100. However, the work performed under the carpentry contract is under $1,500.00; therefore, the licensure and registration requirements are not applicable. Mr. Leach is not a "Class B contractor" or any other contractor under § 54.1-1100 *et seq*. The plaintiff cannot assert in this case a defense to the Counterclaim of lack of licensure or registration.